IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JONATHAN BURNETT, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:20-CV-337-KFP |
| KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Jonathan Burnett, seeks judicial review of the Social Security Administration's decision denying his application for Disability Insurance Benefits. The undersigned concludes, based on review and consideration of the record, briefs, applicable regulations, and caselaw, this matter is REMANDED for further consideration.

I.   **STANDARD OF REVIEW**

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope is limited to determining whether substantial evidence in the record as a whole supports the Commissioner's decision and whether the correct legal standards were applied. *Winschel v. Comm'r of Soc. Sec. Admin.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Substantial evidence is more than a scintilla but less than a preponderance. *Martin*

---

[1] Kilolo Kijakazi is now the Acting Commission of Social Security and is automatically substituted as a party under Rule 25(d) of the Federal Rules of Civil Procedure. *See also* 42 U.S.C. § 405(g) (providing that an action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

*v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner and, even if the evidence preponderates against the Commissioner's factual findings, the Court must affirm if the decision is supported by substantial evidence. *Winschel*, 631 F.3d at 1178; *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## II.    FACTUAL BACKGROUND

Plaintiff was 43 years old when the Administrative Law Judge ("ALJ") rendered a decision finding Plaintiff not disabled. R. 24–25. Plaintiff worked as a truck driver and policeman in the United States Army until his retirement on January 31, 2017. R. 44, 217–18. He claims he was disabled as of January 31, 2017 (R. 217), and he filed for disability on February 20, 2018.[2] R. 15, 216–17. His initial application was denied, and Plaintiff requested a hearing before an ALJ. R. 124, 127–28. At the hearing, Plaintiff's attorney disclosed that Plaintiff had requested but not yet received his VA records. R. 95–99. The ALJ instructed Plaintiff's counsel to obtain and submit the records to him after the hearing. R. 98–99.

The ALJ issued a decision on November 26, 2019, finding Plaintiff not disabled. R 12–14. Plaintiff sought review and filed a request for more time to submit the VA records, which the Social Security Administration granted on February 12, 2020. R. 7–8, 181–82. Still, the Appeals Council denied Plaintiff's request for review on March 30, 2020, making the Commissioner's final decision ripe for judicial review. R. 1–3; *see* 42 U.S.C. § 405(g).

---

[2] Plaintiff alleged disability based on diabetes, gout, gerd, arthritis, PTSD, high blood pressure, high cholesterol, headaches, a left-shoulder injury, and right-knee injury. R. 217.

On December 30, 2020, Plaintiff filed copies of the VA medical records with this Court. Doc. 14-1.

### III. THE ALJ'S DECISION

The ALJ acknowledged that Plaintiff was unsuccessful in obtaining the VA records but found that the evidence was sufficient without them. R. 15. The ALJ determined Plaintiff has severe impairments of "posttraumatic stress disorder (PTSD); traumatic brain injury (TBI); gout and headaches" but that he does not meet the Listing of Impairments in 20 C.F.R § 404, Subpart P, Appendix 1, §§ 11.02, 11.18, or 12.15. R. 17–20. The ALJ also determined Plaintiff has the residual functional capacity ("RFC") to perform unskilled, light work[3] with certain exertional limitations.[4] R. 20. Considering Plaintiff's age, education, work experience, and RFC, the ALJ found there were other jobs in the national economy that Plaintiff could perform, such as a cafeteria attendant, housekeeping cleaner, or ticketer. R. 24–25. Accordingly, the ALJ found that Plaintiff had not been under a disability from his alleged onset date of January 31, 2017, through the date of the ALJ's decision on November 26, 2019. R. 25.

---

[3] 20 C.F.R. § 404.1567(b) states "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities."

[4] The ALJ found that Plaintiff had the RFC to "perform light work as defined in 20 CFR 404.1567(b) except never climb ladders, ropes or scaffolds, frequently climb ramps and stairs, balance, stoop, kneel, crouch and crawl." R. 20.

IV. **DISCUSSION**

Plaintiff presents four arguments for review: (1) the new evidence warrants remand; (2) the ALJ failed to properly develop the record; (3) the ALJ erred by substituting his own opinion for Dr. Estock's when determining the RFC; and (4) the ALJ failed to show other jobs exist in the national economy that Plaintiff could perform.

Upon review of the evidence, the Court agrees that Plaintiff's VA records are new evidence that warrant remand. An appellate court may only consider evidence in the record. *Cherry v. Heckler*, 760 F.2d 1186, 1193 (11th Cir. 1985). On review, "evidence submitted to the District Court may be considered only to determine if remand is warranted under sentence six of 42 U.S.C. § 405(g)." *Belser v. Soc. Sec. Admin., Comm'r*, 2021 WL 6116639, at *1,*6 (11th Cir., Dec. 27, 2021) (citing *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1267–68 (11th Cir. 2007)). A court may remand if the plaintiff proves there is new evidence that is (1) noncumulative and (2) material, and (3) that there was good cause for the failure to submit the evidence at the administrative level. *Belser*, at *6 (citing *Caulder v. Bowen*, 791 F.2d 872, 876–77 (11th Cir. 1986)). Plaintiff has proved that these records constitute new, noncumulative, material evidence and that good cause exists.

A. **The evidence from the VA is new, noncumulative evidence.**

Evidence is new and noncumulative if "no similar evidence is contained in the administrative record," *Reynolds v. Comm'r of Soc. Sec.*, 457 F. App'x 850, 853 (2012) (citing *Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988)), and it relates "to the time period on or before the date of the ALJ's decision." *Reynolds*, 457 F. App'x at 853 (citing *Wilson v. Apfel*, 179 F.3d 1276, 1278–79 (11th Cir. 1999)). Plaintiff's VA records contain

4

mental and physical evaluations the VA's physicians performed after Plaintiff filed for disability benefits. Doc. 14-1 at 25–201, 212–33, 238–51, 311–588, 714–20. No similar evidence exists in the record. *Reynolds*, 457 F. App'x at 853. Additionally, these evaluations were performed between March 2017 and July 2018, long before the ALJ rendered his decision. *Id.*; *Cannon*, 858 F.2d at 1546. Therefore, the evidence is new and noncumulative.

### B. The evidence from the VA is material.

Under 42 U.S.C. § 405(g), evidence is material if it is "relevant and probative so there is a reasonable possibility that it would change the administrative result." *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1219 (11th Cir. 2001) (holding that newly submitted evidence was "material because it contradicts the ALJ's findings and conclusions . . ." regarding the severity of the plaintiff's condition); *see Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987) (finding new, objective medical support material because, "if accepted, [it] may warrant acceptance by the ALJ of these allegations of pain"). Opinion evidence regarding a plaintiff's inability to work may be material where it shows a plaintiff cannot perform any gainful activity. *Williams v. Saul*, No. 4:19-cv-0236-CLS, 2020 WL 362882, at *1, *4 (N.D. Ala. Jan. 21, 2020); *see also Lipscomb v. Comm'r of Soc. Sec.*, No. 06-10071, 2006 WL 2952736, at *1, *3–4 (11th Cir. 2006) (holding that new evidence containing specific opinions about a plaintiff's capabilities could change the administrative result). In *Williams*, a plaintiff sought to introduce new evidence opining that she had to miss five or six days of work per month due to her restrictions. 2020 WL 362882, at *4. The court ruled that the evidence was material because "[a] medical opinion that the

claimant cannot maintain the level of work capacity required . . . is substantial evidence of the inability to perform any gainful activity." *Id.*

Plaintiff's VA records consist of his application for disability compensation, VA physicians' physical and mental evaluations of Plaintiff, and the VA's disability ratings.[5] Doc. 14-1. The Court may look to this evidence only to decide whether there is a "reasonable possibility" that, if accepted, the ALJ would change his decision. *Vega*, 265 F.3d at 1219; *Hyde*, 823 F.2d at 459.

On March 23, 2017, Dr. Mohammad Ghouri performed multiple evaluations on Plaintiff (Doc. 14-1 at 25), one of which pertained to his tension headaches. Doc. 14-1 at 351–54. Plaintiff reported constant head pain on both sides, pulsating or throbbing head pain, nausea, light sensitivity, and sound sensitivity. Doc. 14-1 at 352. According to this record, these symptoms reportedly last one or two days and have characteristics of migraines. Doc. 14-1 at 353. Notably, when asked whether the symptoms are productive of severe economic activity and whether the headaches impact Plaintiff's ability to work, Dr. Ghouri answered affirmatively. Doc. 14-1 at 353–54. Dr. Ghouri explained that Plaintiff's headaches make it "difficulty to concentrate" and that "[t]he frequency of prostrating attacks is more than once per month productive or economic inadaptability." R. 354.

---

[5] The Court agrees with the Commissioner's statement that Plaintiff's VA ratings are not binding under 20 C.F.R. 404.1504. Doc. 19 at 4. However, 20 C.F.C. 404.1504 also provides that an ALJ must consider the underlying evidence supporting the VA rating.

At the administrative hearing, the vocational expert testified that "[m]ost employers would allow [employees] maybe up to one day a month" of missed work, and that a person with Plaintiff's age, education, and RFC could not maintain employment missing work twice a month. R. 93. Similar to *Williams*, where a physician opined the plaintiff's conditions impacted her ability to work multiple times a month, 2020 WL 362882, at *4, Dr. Ghouri found that Plaintiff's migraines impact his ability to work "more than once per month[.]" Doc. 14-1 at 354. Based on the vocational expert's testimony, these restrictions would prevent Plaintiff from maintaining gainful employment. R. 93. If accepted, then, there is a reasonable probability the VA records would change the administrative outcome by rendering Plaintiff disabled. *Williams*, 2020 WL 362882, at *4; *see Lipscomb*, 2006 WL 2952736, at *3–4. Therefore, this evidence is material.

**C.   Plaintiff has shown good cause for his initial failure to submit the evidence.**

Good cause may exist where "the evidence does not exist at the time of the administrative proceeding." *Cherry*, 760 F.2d at 1192 (11th Cir. 1985) (citing *Burton v. Heckler*, 724 F.2d 1415, 1418 (9th Cir. 1984)). Good cause may also exist where "the evidence was available at the administrative proceeding; it simply was not considered by the Appeals Council because it was not timely filed." *Milano v. Bowen*, 809 F.2d 763, 767 (11th Cir. 1987); *White v. Barnhardt*, 373 F. Supp. 2d 1258, 1264–66 (N.D. Ala. 2005). The good-cause requirement exists "to prevent claimants from attempting to withhold evidence 'with the idea of obtaining another bite of the apple'" if he is rendered not

disabled. *Milano*, 809 F.2d at 767 (citing *Szubak v. Sec'y of Health & Human Serv.*, 745 F.2d 831, 834 (3rd Cir. 1984) (citation omitted)); *White*, 373 F. Supp. 2d at 1265.

In *Milano*, the court considered whether the plaintiff had good cause for her failure to timely submit a psychological report that was submitted one day after the deadline. *Milano*, 809 F.2d at 765. The Court found that Plaintiff had good cause because the one-day delay was de minimis and the plaintiff did not submit the evidence in a "bad faith attempt to manipulate the administrative proceeding" [6] but, rather, in "an attempt, though unsuccessful, to fully comply with administrative requirements." *Id.* at 767.

Although the VA records existed at the time of the administrative proceeding, they were not considered by the Appeals Council because they were not timely filed. Nonetheless, good cause may still exist. *Milano*, 809 F.2d at 767; *White*, 373 F. Supp. 2d at 1264–66. Plaintiff diligently, though unsuccessfully, tried to obtain these records for over a year before his hearing, submitted additional requests to the VA on multiple occasions, and immediately delivered the VA records to his attorney upon their receipt. Doc. 23-1. The hearing transcript confirms that Plaintiff had requested the documents long before the proceeding but had not yet received them due to a backlog. R. 95; Doc. 23-1. Additionally, Plaintiff's attorney filed a request for more time, again showing that his client was trying to comply with the administrative requirements. R. 7–8. As was the case in *Milano*, there is no evidence Plaintiff failed to submit the VA records in a bad-faith attempt to obtain another "bite of the apple." *Milano*, 809 F.2d at 767. Rather, the record reflects

---

[6] The Court recognizes that *Milano* and *White* both involved one-day delays, and Plaintiff's delay was far longer. However, because there is no evidence of any bad faith, the Court finds good cause.

his many attempts to obtain the records and comply with the administrative requirements and that he was unable to do so due to circumstances outside of his control. R. 7–8, 95; Doc. 23-1. Therefore, the Court finds that Plaintiff has made the required showing of good cause. *Milano*, 809 F.2d at 765; *White*, 373 F. Supp. 2d at 1264–66.

## V. CONCLUSION

The Court finds that because Plaintiff has satisfied the necessary elements for a sentence six remand, it is unnecessary and premature to consider the other arguments until the Commissioner has an opportunity to evaluate the new evidence. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).

For the reasons set forth above, it is ORDERED as follows:

1. This matter is REMANDED to the Commissioner for additional proceedings consistent with this opinion.

2. A final judgment will be entered separately.

DONE this 30th day of March, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE